# RESCRIPT OPINIONS.

Pursuant to the requirements of G. L. c. 211, § 9, the Reporter publishes the following:

S. STEINBERG CO., INC. *vs.* NEW ENGLAND PRODUCE CENTER, INC. June 29, 1970. By this bill, the plaintiff (Steinberg), a produce broker, seeks to enjoin the defendant (Produce) from interference with access to Steinberg's office space in a thirty-five acre market center, owned by Produce. Produce leased about 2,100 square feet of space to Rodes & Sons (Rodes). Rodes sublet some office space to Steinberg as tenant at will under an agreement by Steinberg, as subtenant (purportedly directly with Produce), to "observe . . . all . . . rules and regulations promulgated by . . . Produce." The lease to Rodes required Rodes to "comply with the reasonable rules and regulations . . . promulgated by" Produce governing various specified facilities (e.g. shipping platforms, railroad tracks, and parking, which are to be subject to Produce's "reasonable and uniform . . . regulations") and "such other reasonable rules and regulations as . . . [Produce] shall from time to time promulgate for . . . use of the [b]uilding or for the benefit of the tenants." The directors of Produce have adopted rules for the use of the market. Under these, unlimited access to the market is given to several hundred persons engaged as receivers, or employees of receivers, of produce and as service employees (not selling produce). Steinberg and three other brokers (and certain buyers' representatives) gain access only after 5:30 A.M. on weekdays, except that some firms given unlimited access do engage in brokerage "with personnel . . . also . . . active in . . . receiving." The record does not sufficiently establish (if that be a matter of any significance) that persons given unlimited access to the market as receivers of produce perform any brokerage functions before 5:30 A.M. On agreed facts, the trial judge correctly concluded that Produce reasonably classified users of the market according to their particular functions; that the rules were not arbitrary but "designed to permit the orderly regulation of the premises"; and that Steinberg is bound by Produce's lease to Rodes. The separate classification in the matter of access of (a) receivers who must be on the premises early to unload freight cars and trucks and prepare displays, and (b) persons serving only as brokers, who have no unloading function, cannot be said, on this meager record, to be an unreasonable method of assisting the convenient and safe use of the market. Steinberg, as subtenant at will, takes all its interest, including any right to quiet enjoyment and all rights of access, subject to Produce's power to prescribe regulations.

*Decree affirmed with costs of appeal.*

*Gladys Shapiro* for the plaintiff.
*Gerard D. Goldstein* for the defendant.